# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NOS. 26-23 & 99 |
| JALEN SMITH | : | |

## GUILTY PLEA AGREEMENT

Under Rule 11 of the Federal Rules of Criminal Procedure, the government, the defendant, and the defendant's counsel enter into the following guilty plea agreement. Any reference to the United States or the government in this agreement shall mean the Office of the United States Attorney for the Eastern District of Pennsylvania.

1.    The defendant agrees to plead guilty to the following charges in the following indictment and information:

a.    In Criminal No. 26-23, the defendant agrees to plead guilty to Counts One, Two, and Five of the indictment charging him with bribery in sporting contests, and aiding and abetting, in violation of 18 U.S.C. §§ 224 and 2 (Count One); conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count Two); and wire fraud, in violation of 18 U.S.C. § 1343 (Count Five), and not to contest forfeiture as set forth in the notices of forfeiture charging criminal forfeiture under 28 U.S.C. § 2461(c) and 18 U.S.C. § 981(a)(l)(C), all arising from a scheme to influence or "fix" Chinese Basketball Association basketball games and National Collegiate Athletic Association ("NCAA") men's basketball games from at least in or about September 2022 through at least in or about February 2025, in the Eastern District of Pennsylvania, and elsewhere, where the defendant engaged in the scheme as a "fixer," working

together with others to recruit and bribe NCAA men's basketball players to underperform and help ensure their team failed to cover the spread in games during the 2023-2024 and 2024-2025 NCAA men's basketball seasons, and then, through various sportsbooks, to arrange for large wagers to be placed on those games.

      b.     In Criminal No. 26-**99**, the defendant agrees to plead guilty to Count One of the information, waiving venue and prosecution by indictment, charging him with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and not to contest forfeiture as set forth in the notice of forfeiture charging criminal forfeiture under 28 U.S.C. § 2461(c) and 18 U.S.C. § 924(d), all arising from the defendant's unlawful possession of a loaded Khar Arms CT380 semi-automatic pistol on or about May 21, 2025, at his residence in Charlotte, North Carolina. The defendant acknowledges that under federal law, including Rule 18 of the Federal Rules of Criminal Procedure, the defendant has the right to be prosecuted in the district where the offense occurred, that is, in the Western District of North Carolina. In waiving venue, the defendant does not object to the government prosecuting this offense in the Eastern District of Pennsylvania, and he agrees not to challenge or contest venue in the district court, on appeal, or in any post-conviction proceedings.

      c.     The defendant further acknowledges his waiver of rights, as set forth in the attachment to this agreement.

      d.     The defendant understands that the government will make a motion to consolidate Criminal Nos. 26-23 and 26-**99**, for the purposes of plea and sentencing, and the defendant consents to such consolidation.

      2.     The defendant understands, agrees, and has had explained to him by counsel that the following statutory maximum sentences apply:

a.    In Criminal No. 26-23, for Count One of the indictment, charging bribery in sporting contests, and aiding and abetting, 5 years' imprisonment, 3 years of supervised release, a $250,000 fine, and a $100 special assessment; for Counts Two and Five, conspiracy to commit wire fraud and wire fraud, 20 years' imprisonment, 3 years of supervised release, a $250,000 fine, and a $100 special assessment, on each count. The total permissible statutory maximum sentence is 45 years' imprisonment, 3 years of supervised release, a $750,000 fine, and a $300 special assessment. Full restitution also shall be ordered. Forfeiture of all proceeds from these offenses also may be ordered. The defendant further understands that supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to 2 years on Count Two and Five; and 1 year on Count One. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

b.    In Criminal No. 26-**99** , for Count One of the information, charging possession of a firearm by a felon, 15 years' imprisonment, 3 years of supervised release, a fine of $250,000, and a $100 special assessment. Forfeiture of all firearms and ammunition involved in the offense may be ordered. The defendant further understands that supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to 2 years on Count One. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

- 3 -

Considering both the indictment and the information discussed above, the total permissible

statutory maximum sentence that the defendant faces is 60 years' imprisonment, 3 years of

supervised release, $1,000,000 in fines, and $400 in special assessments. Full restitution also

shall be ordered. Forfeiture of all proceeds from these offenses and forfeiture of all firearms and

ammunition involved in the firearms offense also may be ordered.

     3.    The government may:

     a.    Make whatever sentencing recommendation as to imprisonment, fines,

forfeiture, restitution, and other matters which the government deems appropriate.

     b.    Comment on the evidence and circumstances of the case; bring to the

Court's attention all facts relevant to sentencing including evidence relating to dismissed counts,

if any, and to the character and any criminal conduct of the defendant; address the Court

regarding the nature and seriousness of the offenses; respond factually to questions raised by the

Court; correct factual inaccuracies in the presentence report or sentencing record; and rebut any

statement of facts made by or on behalf of the defendant at sentencing.

     c.    Nothing in this agreement shall limit the government in its comments in,

and responses to, any post-sentencing matters.

     4.    In order to facilitate the collection of the criminal monetary penalties to be

imposed in connection with this prosecution, the defendant agrees fully to disclose all income,

assets, liabilities, and financial interests, held directly or indirectly, whether held in his own

name or in the name of a relative, spouse, associate, another person, or entity, and whether held

in this country or outside this country. Accordingly:

     a.    The defendant will submit a completed Financial Statement of Debtor to

the U.S. Attorney's Office, in a form it provides and as it directs, within 14 days of execution of

this plea agreement. The defendant promises that his financial statement and disclosures will be complete, accurate, and truthful.

        b.      The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him in order to evaluate the defendant's ability to satisfy any monetary penalty imposed by the Court.

        c.      Upon request by the United States, the defendant also agrees to submit to a financial deposition or interview prior to sentencing, and provide all documents within the defendant's possession or control as requested by the U.S. Attorney's Office regarding the defendant's financial resources and that of the defendant's household.

        d.      The defendant agrees not to transfer, assign, dispose, remove, conceal, pledge as collateral, waste, or destroy property with the effect of hindering, delaying, or defrauding the United States or victims. The defendant otherwise shall not devalue any property worth more than $1,000 before sentencing, without the prior approval of the United States.

        e.      The defendant also agrees to execute any documents necessary to release any funds held in any repository, bank, investment, other financial institution, or any other location in order to make partial or total payment toward any monetary penalty that the Court may impose.

        f.      If the defendant fails to comply with this paragraph of the plea agreement or if any of the defendant's representations pursuant to the requirements set forth in this paragraph are false or inaccurate, the government may elect to: void this agreement; and/or argue that the defendant is not entitled to a downward adjustment for acceptance of responsibility under Guideline Section 3E1.1. The government may also elect to: void the forfeiture portion of the agreement and try the forfeiture before the Court and seek a larger forfeiture; and/or pursue

any and all forfeiture remedies available at law or equity. The defendant agrees to waive any right to a trial by jury on all forfeiture issues, and to waive any claim at trial based on any statute of limitations.

5.      The defendant agrees to pay a fine, if any, and restitution to be determined by the Court. The defendant agrees that any restitution or fine imposed by the Court shall be due and payable immediately and on such terms and conditions that the Court may impose. In the event the Court imposes a schedule for the payment of restitution or fine, the defendant understands and agrees that such a schedule represents a minimum payment obligation and does not preclude the United States Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation under applicable federal and/or state law.

6.      The defendant agrees that forfeiture, restitution, fine, assessment, tax, interest, or other payments in this case do not constitute extraordinary acceptance of responsibility or provide any basis to seek a variance from the applicable Sentencing Guideline range.

7.      The defendant agrees to pay the special victims/witness assessment in the amount of $400 at such time as directed by the Court.

8.      The parties agree to the following with respect to the forfeiture of assets:

a.      The defendant agrees to forfeit his right, title, and interest in the proceeds that he obtained from the offenses of sports bribery, conspiracy to commit wire fraud, and wire fraud charged in Criminal No. 26-23, in Count One, Two, and Five of the indictment in this case, and agrees to the entry of a money judgment against him in the amount of proceeds that he obtained once it is determined. The defendant agrees that, due to the defendant's acts or omissions, these proceeds are not currently available to the government for forfeiture, that the

- 6 -

conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met, and that the government is entitled to the forfeiture of substitute assets because one or more of the conditions in 21 U.S.C. § 853(p) have been met.

      b.      The defendant agrees that, based on the defendant's conviction for his offense of possession of a firearm by a felon as charged in Criminal No. 26-**99** , Count One of the information, he forfeits his right, title, and interest in the following assets, that such assets are firearms or ammunition involved in or used in knowing violation of the offense and subject to forfeiture under 18 U.S.C. § 924(d) and that such assets are forfeitable to the United States in any judicial (criminal and civil) and administrative proceeding(s) at the government's exclusive discretion, and without further notice to the defendant: a Khar Arms CT380 semi-automatic pistol, bearing serial number CAB1225; and 5 live rounds of .380 caliber ammunition.

      c.      The defendant agrees to the entry of a preliminary order of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(b) as soon as possible after the guilty plea and before sentencing. Pursuant to Rule 32.2(b)(4), the defendant further agrees that, upon the request of the government, the preliminary order of forfeiture may be made final before his sentencing. The defendant waives all statutory deadlines, including but not limited to deadlines set forth in 18 U.S.C. § 983.

      d.      The defendant acknowledges that forfeiture is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea. The defendant further waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging

instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

e.    The defendant agrees to waive any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including any claims, defenses, or challenges arising under the Double Jeopardy or Excessive Fines Clauses of the Eighth Amendment, resulting from any forfeiture imposed in this case and/or any pending or completed administrative or civil forfeiture actions, and stipulates that such forfeiture is not grossly disproportionate to his criminal conduct.

f.    The defendant agrees to take all necessary action to pass clear title of the assets listed in this paragraph to the United States, including, but not limited to, completing any documents required to transfer title of these assets to the United States. The defendant also agrees to take all necessary action to ensure that the assets listed in this paragraph are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

g.    The defendant consents to the interlocutory sale of any or all of the assets upon motion of the government, following the entry of a preliminary order of forfeiture.

h.    The defendant agrees that he will not file, or assist any other party in filing, a claim or petition asserting an interest in or otherwise contesting the forfeiture of any of the assets listed in this paragraph.

i.    In the event that a successful claim is made by a third party to any of the assets listed in this paragraph, the defendant agrees to forfeit substitute assets equal in value to those assets awarded to that third party.

9.    The defendant abandons any right, title, and interest that he may have in the following firearm and ammunition: a Khar Arms CT380 semi-automatic pistol, bearing serial

number CAB1225; and 5 live rounds of .380 caliber ammunition; agrees to execute all documents requested by the government to effectuate his abandonment; and agrees that the Federal Bureau of Investigation may dispose of the firearm and ammunition in accordance with the law.

10.    The defendant may not withdraw his plea because the Court declines to follow any recommendation, motion, or stipulation by the parties to this agreement. No one has promised or guaranteed to the defendant what sentence the Court will impose.

11.    Pursuant to USSG § 6B1.4, the parties enter into the following stipulations under the Sentencing Guidelines Manual. It is understood and agreed that: (1) the parties are free to argue (except as stated below) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, and adjustments; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed:

    a.    The parties agree and stipulate that under USSG § 2B4.1(a), the base offense level for the defendant's bribery offense conduct as described in Criminal No. 23-26, in Count One of the indictment, is 8.

    b.    The parties agree and stipulate that under USSG §§ 2B4.1(b)(1) and 2B1.1(b)(1)(I), the value of the improper benefit to be conferred from the bribes was more than $1,500,000 but less than $3,500,000, resulting in a 16-level increase to the base offense level for this offense. This amount was reasonably foreseeable to the defendant in connection with his scheme, within the scope of the jointly undertaken criminal activity, and in furtherance of that

criminal activity, and the defendant's Guideline range should be calculated based on this amount pursuant to USSG § 1B1.3.

       c.     The parties agree and stipulate that under USSG § 2B1.1(a)(1), the base offense level for the defendant's wire fraud offense conduct as described in Criminal No. 23-26, in Counts Two and Five of the indictment, is 7.

*[handwritten: JS  26-23  pcc]*

       d.     The parties agree and stipulate that under USSG § 2B1.1(b)(1)(I), the loss that resulted from the commission of the wire fraud offenses was more than $1,500,000 but less than $3,500,000, resulting in a 16-level increase to the base offense level for these offenses. This amount was reasonably foreseeable to the defendant in connection with his scheme, within the scope of the jointly undertaken criminal activity, and in furtherance of that criminal activity, and the defendant's Guideline range should be calculated based on this amount pursuant to USSG § 1B1.3.

       e.     The parties agree and stipulate that under USSG § 2B1.1(b)(2)(A)(i), the wire fraud offenses involved 10 or more victims, resulting in a 2-level increase to the base offense level for these offenses.

       f.     The parties agree and stipulate that under USSG § 3B1.1(b), the defendant was a manager or supervisor (but not an organizer or leader) of the bribery and fraud offenses, and that criminal activity involved five or more participants and was otherwise extensive, as described in Criminal No. 23-26, in Counts One, Two, and Five of the indictment, resulting in a 3-level increase to the base offense levels for these offenses.

*[handwritten: 26-23  pcc]*

       g.     The parties agree and stipulate that under USSG § 2K2.1(a)(4)(A), the base offense level for the defendant's firearm offense conduct as described in Criminal No. 26-

99, in Count One of the information, is 20, because the defendant possessed the firearm after sustaining one felony conviction for a controlled substance offense.

        h.    The parties agree and stipulate that under USSG § 2K2.1(b)(4)(A), the firearm was stolen, resulting in a 2-level increase to the base offense level for the firearm offense.

        i.    The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for his offenses, making the defendant eligible for a 2-level downward adjustment under USSG § 3E1.1(a).

        j.    The parties agree and stipulate that, as of the date of this agreement, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the government of his intent to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, resulting in a 1-level downward adjustment under USSG § 3E1.1(b).

        12.    In exchange for the promises made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to file any appeal, any collateral attack, or any other writ or motion that challenges the defendant's conviction, sentence, or any other matter relating to this prosecution, including any assessment, forfeiture, restitution, or the length or condition of supervised release, whether such an appeal, collateral attack, or other writ or motion arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. As part of this knowing and voluntary waiver of the right to challenge the conviction and sentence, the defendant expressly waives the right to raise on appeal or on collateral review any argument that (1) the statutes to which the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

      a.      Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

      b.      If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal or petition for collateral relief but may raise only a claim, if otherwise permitted by law in such a proceeding:

      i.      that the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 2 above;

      ii.      challenging a decision by the sentencing judge to impose an "upward variance" above the final Sentencing Guideline range determined by the Court; and

      iii.      that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel.

If the defendant does appeal or seek collateral relief pursuant to this subparagraph (b), no issue may be presented by the defendant in such a proceeding other than those described in this subparagraph (b).

13.      The defendant acknowledges that pursuing an appeal or any collateral attack waived in the preceding paragraph may constitute a breach of this plea agreement. The government recognizes that the mere filing of a notice of appeal is not a breach of the plea agreement. The government may declare a breach only after the defendant or his counsel thereafter states, either orally or in writing, a determination to proceed with an appeal or collateral attack raising an issue the government deems barred by the waiver. The parties

acknowledge that the pursuit of an appeal constitutes a breach only if a court determines that the appeal does not present an issue that a judge may reasonably conclude is permitted by an exception to the waiver stated in the preceding paragraph or constitutes a "miscarriage of justice" as that term is defined in applicable law.

14.    The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

15.    The defendant is satisfied with the legal representation provided by the defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement; and the defendant is agreeing to plead guilty because the defendant admits that he is guilty.

16.    The parties have also entered a supplemental agreement that is filed under seal. It is agreed that the parties' guilty plea agreement, along with the sealed supplement, presents the entire agreement of the parties with regard to the defendant's guilty plea and sentence. The parties agree that neither has made any additional promise, agreement, or understanding other than those set forth in this written guilty plea agreement and the sealed supplement, and that no

- 13 -

additional promises, agreements, or understandings will be entered into unless in writing and

signed by all parties.

DAVID METCALF
United States Attorney

_____
JALEN SMITH
Defendant

_/s Salvatore L. Astolfi_
SALVATORE L. ASTOLFI
Chief, Criminal Division
Assistant United States Attorney

_____
ROCCO C. CIPPARONE, JR.
Counsel for the Defendant

_/s Louis D. Lappen_
LOUIS D. LAPPEN
JEROME MAIATICO
Assistant United States Attorneys

Date: 3/9/26

- 14 -

Attachment

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NOS. 26-23 & 99 |
| JALEN SMITH | : | |

## ACKNOWLEDGMENT OF RIGHTS

I hereby acknowledge that I have certain rights that I will be giving up by pleading guilty.

1.      I understand that I do not have to plead guilty.

2.      I may plead not guilty and insist upon a trial.

3.      At that trial, I understand

      a.      that I would have the right to be tried by a jury that would be selected from the Eastern District of Pennsylvania and that along with my attorney, I would have the right to participate in the selection of that jury;

      b.      that the jury could only convict me if all 12 jurors agreed that they were convinced of my guilt beyond a reasonable doubt;

      c.      that the government would have the burden of proving my guilt beyond a reasonable doubt and that I would not have to prove anything;

      d.      that I would be presumed innocent unless and until such time as the jury was convinced beyond a reasonable doubt that the government had proven that I was guilty;

      e.      that I would have the right to be represented by a lawyer at this trial and at any appeal following the trial, and that if I could not afford to hire a lawyer, the court would appoint one for me free of charge;

      f.      that through my lawyer I would have the right to confront and cross-examine the witnesses against me;

g.      that I could testify in my own defense if I wanted to and I could subpoena witnesses to testify in my defense if I wanted to; and

h.      that I would not have to testify or otherwise present any defense if I did not want to and that if I did not present any evidence, the jury could not hold that against me.

4.      I understand that if I plead guilty, there will be no trial and I would be giving up all of the rights listed above.

5.      I understand that if I decide to enter a plea of guilty, the judge will ask me questions under oath and that if I lie in answering those questions, I could be prosecuted for the crime of perjury, that is, for lying under oath.

6.      I understand that if I plead guilty, I have given up my right to appeal, except as set forth in the appellate waiver provisions of my plea agreement.

7.      Understanding that I have all these rights and that by pleading guilty I am giving them up, I still wish to plead guilty.

8.      I acknowledge that no one has promised me what sentence the Court will impose. I am aware and have discussed with my attorney that, at sentencing, the Court will calculate the Sentencing Guidelines range, and then, in determining my sentence, will consider the Guideline range and all relevant policy statements in the Sentencing Guidelines, along with other sentencing factors set forth in 18 U.S.C. § 3553(a), including

(1) the nature and circumstances of the offense and my personal history and characteristics;

(2) the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(5) the need to provide restitution to any victims of the offense.

_____

JALEN SMITH
Defendant

_____

ROCCO C. CIPPARONE, JR.
Counsel for the Defendant

Date: 3/9/2026 _____

- 3 -